IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| RAYMOND J. CASE,          ) | Cause No. CV 06-77-BLG-RFC-RWA |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.                       ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| MONTANA STATE ATTORNEY    ) | |
| GENERAL; YELLOWSTONE COUNTY ) | |
| ATTORNEY; PENELOPE STRONG; ) | |
| CARL DeBELLY; JAMES M.    ) | |
| SIEGMAN,                  ) | |
| ) | |
| Defendants.    ) | |

_____

On May 22, 2006, Plaintiff Raymond Case moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983.  That motion was granted in a separate Order.  Case is a state prisoner proceeding pro se.

On November 13, 2006, Case was given an opportunity to supplement his Complaint with additional information regarding his claim that he, as a pretrial detainee, is compelled to remain in his cell for eighteen hours a day.  He was ordered to limit his response to two pages.  He submitted two documents, one consisting of two pages and one consisting of one page.

Additionally, on November 21 and again on November 30, 2006,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

the Court received letters from Case.  The first letter was filed as a motion for the appointment of counsel – Case's third such motion.  The second was filed simply as a letter.

**I. Preliminary Screening**

The case remains in the prescreening stage.  Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez*, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Case's Allegations

Case challenges various aspects of the criminal proceedings against him in Montana's Thirteenth Judicial District Court. He also contends that he has suffered cruel and unusual punishment because he is locked in his cell for eighteen hours a day and he is subjected to "sensory deprivation" and "behavior modification." *See* Compl. (doc. 1) at 5, ¶ V.

## III. Analysis

Case fails to state a claim on which relief could be granted at this time in this Court.

### A. Conditions of Confinement Claim

Case alleges that he is suffering cruel and unusual punishment because he is locked in a cell for eighteen hours a day. Regardless of whether Case's allegations are viewed from the reference point of a pretrial detainee or a convicted person, *see, e.g.*, *Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996),[1] his civil rights are not violated solely because he is locked in his

---

[1] Case asserts that he pled guilty early in the proceedings.

cell for eighteen hours a day.  *Cf., e.g., Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (subjecting pretrial detainee to overflowed toilet in his cell for 4 days did not violate civil rights); *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir. 1986) (inmates had sufficient recreational opportunities because they were detained in 63 square-foot cell and had access to larger day room for 5 hours each day).

Case's Supplement clarifies that he is placed in an 84 square-foot cell with one other person, *see* Supp. (doc. 16) at 1, and that this is the only "sensory deprivation" or "behavior modification" to which he refers.  It is wholly unremarkable that a pretrial detainee or convicted prisoner would be subject to more in-cell time if he fails to obey the orders of jail staff.  There is no constitutional violation in the conditions of his confinement.

**B. Abstention and *Heck* Bar**

Federal subject-matter jurisdiction lies for claimed violations of civil rights by persons acting "under color" of State law.  42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1343.  This is true even where a federal court is asked to hold that ongoing proceedings in state court violate due process.  *See, e.g., Miofsky v. Superior Court*, 703 F.2d 332, 334-35 (9th Cir. 1983).  Federal courts generally have "an unflagging obligation" to exercise their jurisdiction, *Colorado R. Water Conserv. Dist. v. United States*, 424 U.S. 800, 817-18 (1976) – an obligation that "is particularly

weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983," *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1980). In fact, in civil rights cases, the general rule that "state courts shall remain free from interference by federal courts," *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 282 (1970), is specifically authorized to be suspended. *See Mitchum v. Foster*, 407 U.S. 225 (1972) (holding that 42 U.S.C. § 1983 is a congressionally "expressly authorized" exception to the Anti-Injunction Act of 1793).

Nevertheless, the United States Supreme Court has recognized a narrow class of cases in which it is not appropriate for a federal court to exercise its jurisdiction. *Younger v. Harris*, 401 U.S. 37 (1970), was "borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky*, 703 F.2d at 336. "The *Younger* doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979) (citing *Samuels v. Mackell*, 401 U.S. 66, 69 (1971)).

Since *Younger*, the United States Supreme Court has articulated

OF U.S. MAGISTRATE JUDGE / PAGE 5

a three-step test to determine whether federal abstention is appropriate:

> *Younger* and its progeny teach that federal courts *may not*, where circumstances dictate, exercise jurisdiction when doing so would interfere with state judicial proceedings. A district court *must abstain and dismiss* a suit on the basis of *Younger* where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings.

*Canatella v. State of California*, 304 F.3d 843, 850 (9th Cir. 2002) (emphasis added) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982)).

Case's allegations strongly imply that state proceedings are ongoing. He refers to an appeal to the Montana Supreme Court. The State of Montana clearly has an important interest in the vindication of its own criminal substantive and procedural laws, whether execution of those laws results in a ruling in favor of the State or of Case. Finally, Case may raise federal issues, such as due process, in the state proceedings. In fact, as set forth below, if he wishes to seek relief under federal law in the federal courts, he *must* first seek relief under federal law in the state courts. If the state proceedings are ongoing, this Court must abstain and dismiss this action.

If, on the other hand, the state proceedings are now closed, another well-established judicial rule bars Case from proceeding with his claims in this Court at this time. In *Heck v. Humphrey*,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

512 U.S. 477 (1994), the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence *has been reversed*."  *Id*. at 486-87 (emphasis added).

The *Heck* rule applies whenever a plaintiff's success in a civil rights action would necessarily imply the invalidity of a conviction.  *See Heck*, 512 U.S. at 487.  If Case is correct that either his right to due process or his protection against double jeopardy was violated during the course of the state criminal proceedings, then his conviction and sentence are necessarily invalid.  For that reason, he must proceed by way of a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 and cannot proceed under 42 U.S.C. § 1983 at this time.[2]

**C. Conclusion**

Case cannot state a claim on which this Court could grant relief at this time.  His Complaint should be dismissed with

---

[2] In addition, before Case may proceed with a federal petition for writ of habeas corpus, he must first exhaust all of his federal claims in state court.  *See generally* 28 U.S.C. § 2254(b)(1)(A), (c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Additionally, Case is cautioned that, as a state prisoner, he must file a properly exhausted habeas petition in federal court within one year of the date of his state conviction becomes final by the conclusion of direct appeal.  *See* 28 U.S.C. § 2244(d)(1).  The federal statute of limitations is tolled while a properly filed petition is pending in state court.  *Id*. § 2244(d)(2).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

prejudice as to his allegation regarding the conditions of his confinement and dismissed without prejudice as to his other allegations.

**IV. Third Motion for Counsel**

Because it is not legally possible for Case to state a claim at this time, his motion for the appointment of counsel is moot.

**V. Additional Documents**

Neither the one-page additional supplement nor the letter received on November 30, 2006, will be considered because, under the applicable law as set forth above, those documents add nothing to the case.[3]

**ORDER**

Based on the foregoing, IT IS ORDERED that Case's motion for counsel (doc. 18) is MOOT.

**RECOMMENDATION**

Also based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Case's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE as to the claims regarding the conditions of his confinement and DISMISSED WITHOUT PREJUDICE as to all other claims. The docket should reflect that his filing of this action counts as one strike

---

[3] At any rate, it is not appropriate to write letters to the presiding judge. In this Court, all documents should be presented in the form of a pleading.

for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).  The District Court should also CERTIFY that any appeal from this decision would be taken in bad faith, pursuant to Fed. R. App. P. 24(a)(4)(B).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[4] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.  Plaintiff is entitled to file only one document containing his objections.  The document should be captioned in the manner of a motion of a motion or pleading.  It is not appropriate to write letters to any judge of this Court regarding this case.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this ___6th___ day of December, 2006.

>/s/ Richard W. Anderson
>Richard W. Anderson
>United States Magistrate Judge

---

[4] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9